**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| EDWIN BILLIOT, et al., | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § CIVIL ACTION NO. G-06-269 |
| | § |
| W-INDUSTRIES, INC., | § |
| W-INDUSTRIES LIMITED, L.P., and | § |
| EUGENE P. HEBERT, | § |
| | § |
| Defendants. | § |


**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**

This case arises out of personal injuries sustained by Plaintiff Edwin Billiot ("Plaintiff")
during a motor-vehicle collision.  Now before the Court comes Defendants W-Industries, Inc., W-
Industries Limited, L.P., and Eugene P. Hebert's (collectively "Defendants") Motion to Transfer
Venue to the Houston Division of the Southern District of Texas.  For the reasons stated below,
Defendants' Motion is respectfully **DENIED**.[1]

**I.      Background**

Plaintiff was allegedly injured on or about February 9, 2006.  On that date, Plaintiff was
operating a J.W. Trucking vehicle driving northbound on LA 1, and Defendant Eugene P. Hebert
("Hebert") was driving a truck southbound on LA 1.  Hebert's truck was owned and operated by

---

[1]The Court does not consider this Order worthy of publication.  Accordingly, it has not
requested and does not authorize publication.

Defendants W-Industries, Inc. and/or W-Industries Limited, L.P.  Plaintiff alleges that without warning, Hebert crossed over the center lane and crashed into Plaintiff.  Plaintiff claims that as a result of the accident, he has sustained serious and disabling injuries.

## II.    Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case.  *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)  (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed.").   In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the location of pertinent books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.  *See, e.g.*, *Blansett v. Continental Airlines*, 203 F. Supp. 2d 736, 738 (S.D. Tex. 2003); *Chretien v. Home Depot U.S.A., Inc.*, 169 F. Supp. 2d 670, 672–73 (S.D. Tex. 2001); *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

-2-

## III.    Analysis

### A.  Availability and Convenience of Witnesses

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)).  To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony.  *See id.* (citing *Dupre*, 810 F. Supp. at 825).  "The convenience of one key witness may outweigh the convenience of numerous less important witnesses."  *Id.*

Defendants claim that the availability and convenience of all witnesses support transfer to Houston.  However, Defendants have failed to identify any particular witnesses whose convenience or availability would be increased, nor have they provided descriptions of any witness's likely testimony.  Without such information, it is impossible for the Court to determine their importance or lack thereof.

Defendants instead argue that because they are all residents of Harris County, located within the Houston Division, that the availability and convenience of all involved will be increased by transfer.  However, Defendants have failed to show how they will be materially inconvenienced by traveling to the Galveston Courthouse rather than the Houston Courthouse.  *See Smith v. Colonial Penn Ins. Co.*, 943 F. Supp. 782, 784 (S.D. Tex. 1996).  After all, it is not as if Defendants are "being consigned to the wastelands of Siberia." *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).  Furthermore, to the extent that the trial in this matter will require the testimony of witnesses from Louisiana, there is no material difference between traveling to Houston and traveling

-3-

to Galveston.

Defendants have not met their burden of proof in demonstrating that transferring this case to the Houston Division will increase the availability and convenience of the potential witnesses in this case.  This factor does not support transfer.

### B.  Location of Books and Records

The location of books and records is generally of little importance in a personal injury case. Defendants have not indicated whether the records involved in this case are so voluminous that it would incur substantial cost in transporting them to this Court rather than the federal courthouse in Houston.  *See LeBouef*, 20 F. Supp. 2d at 1060.  This factor does not support transfer.

### C. Cost of Obtaining Witnesses and Other Trial Expenses

Defendants have not indicated whether transfer to the Houston Division offers lower costs for obtaining witnesses and other trial expenses.  Given the close proximity between the two cities, this Court's cost-efficient manner of handling cases, and this Court's comparatively shorter trial track, common sense dictates that trial expenses will be similar if not identical in both venues.  *See Blansett*, 203 F. Supp. 2d at 742; *Chretien*, 169 F. Supp. 2d at 675.  This factor does not support transfer.

### D.  Place of the Alleged Wrong

The place of the alleged wrong in this case is Louisiana.   This Court generally considers the place of the alleged wrong to be a very important factor in venue determinations.  *See Henderson*, 918 F. Supp. at 1067 (observing that suits by nonresidents can work to delay the trials of residents). However, "this factor, like the other factors, is only part of the equation."  *Dupre*, 810 F. Supp. at 827. Defendants are not asking the Court to transfer this case to a federal court in Louisiana, therefore, the

-4-

place of the alleged wrong in this instance is of little importance as it is neither Houston nor Galveston.  This factor does not support transfer.

*E.  Possibility of Delay*

Neither Defendants nor Plaintiff discuss whether transfer of this case would result in delay or prejudice.  The Rule 16 Scheduling Conference in this case was held on July 7, 2006, and this case has been set for trial on March 5, 2007.  There is no indication that transfer at this stage in the proceedings would result in delay or prejudice.  *See In Re: Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence.").  This factor does not weigh for or against transfer.

*F.  Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference.  However, that choice of forum is entitled to less deference when the plaintiff does not live in the forum.  *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum).   Plaintiff is a resident of Louisiana.  Therefore, while Plaintiff is not a resident of this Division, he is also not a resident of the Houston Division.  This factor does not weigh for or against transfer.

*G.  Location of Counsel*

Defendants also point out that all Counsel of Record is located within the Houston Division.  However, the location of counsel is no longer a factor in the Court's venue analysis.  *See In Re Horseshoe Entm't*, 337 F.3d at 434.  The consideration of location of counsel is "irrelevant and

improper." *Id.*

IV.     **Conclusion**

After carefully examining the relevant venue factors coupled with the specific facts of this lawsuit, the Court concludes that Defendants have failed to carry their burden of demonstrating that transferring this case to the Houston Division would increase the convenience of all involved, and that transfer would be in the interests of justice.[2]  Defendants have provided almost no support for their Motion other than the fact that they are residents of Harris County, located within the Houston Division.   Under the circumstances of this case, that fact alone will not support transfer to the Houston Division.  Therefore, Defendants' Motion to Transfer Venue is respectfully **DENIED**.  Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 13th day of July, 2006, at Galveston, Texas.

Samuel B. Kent
United States District Judge

---

[2]Additionally, the Court notes that given the daunting docket obligations of its brethren in the Houston Division, retention of this case is but one small thing that this Court can do to help alleviate that burden.

-6-